IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| William Von Long, | ) | Case No. 4:19-cv-00053-DCC |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Keven Bradley Soggs, | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff's Complaint and Amended Complaint alleging violations of his constitutional rights. ECF Nos. 1, 10. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Thomas E. Rogers, III, for pre-trial proceedings and a Report and Recommendation ("Report"). On February 6, 2019, the Magistrate Judge issued a Report recommending that this action be dismissed. ECF No. 16. Plaintiff filed objections to the Report.[1] ECF No. 18.

## **APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

---

[1] Plaintiff also filed a letter which the Court has considered in its ruling.

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal of Plaintiff's false arrest claim because Plaintiff was arrested pursuant to a facially valid warrant. He further recommends dismissal of Plaintiff's malicious prosecution claim pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).[2] Plaintiff generally objects to the recommendation of the Magistrate Judge. Out of an abundance of caution for a pro se Plaintiff, the Court has conducted a de novo review of the record, the applicable law, and the Report of the Magistrate Judge. Having done so, the Court agrees with the recommendation of the Magistrate Judge that the action should be dismissed.[3]

---

[2] *Heck* provides that a § 1983 claim cannot be pursued based on allegations of unlawful circumstances surrounding a criminal prosecution until the conviction has been set aside or the charges have been dismissed without the possibility of revival.

[3] Liberally construed, Plaintiff may request a complaint form in order to file a second amended complaint. He appears to contend that he misstated the date of his arrest and that Galmore is not the defendant in this action. The Court finds that amendment would be futile. With respect to a claim for false arrest, the date of his arrest is a matter of public record and the statute of limitations has run. Regarding a claim for malicious prosecution, Plaintiff has not alleged in his Complaint, Amended Complaint, or

2

## **CONCLUSION**

Accordingly, the Court adopts the Report (ECF No. [16]) of the Magistrate Judge and overrules Plaintiff's objections. This action is **DISMISSED** without prejudice and without issuance of service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

April 23, 2019
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

objections that his conviction has been set aside or that his charges have been finally dismissed without the possibility of revival. Further, Galmore was originally listed as a defendant in this action; Plaintiff omitted Galmore from his amended complaint after he had been warned that Galmore, his public defender, was subject to dismissal. Accordingly, it does not appear that Plaintiff could cure any deficiencies identified by the Magistrate Judge. *See Robbins v. DSS*, 748 F. App'x 531 (4th Cir. 2019) (affirming decision of the District Court holding, in part, that a plaintiff was not entitled to amend his complaint where such amendment would be futile).